## CITY of CUSHING v. CONSOLIDATED GAS UTILITIES CO.

No. 20599. Opinion Filed Jan. 14, 1930.

S. J. Berton, Geo. A. Henshaw, and A. Carey Hough, for plaintiff in error.

Wilbur J. Holleman and C. C. Mount, for defendant in error.

SWINDALL, J. This case is an appeal from the Corporation Commission of Oklahoma and from an order of said Corporation Commission granting a revocable permit to the Consolidated Gas Utilities Company, defendant in error, in lieu of a municipal gas franchise. The case involves the validity of chapter 102 of the Session Laws of 1925. The record in this case shows that the Consolidated Gas Utilities Company, a corporation, was at the time of the commencement of this action engaged in the business of furnishing gas service as a public utility in the town of Cushing, Okla., under a valid and existing franchise granted by said municipality on the 16th day of October, 1912. Ordinance No. 85, and that on the 9th day of April, 1929, the Consolidated Gas Utilities Company, by its president and attested by its secretary, and under the seal of the corporation, executed its declaration and agreement surrendering its franchise for a revocable permit, which declaration and agreement was acknowledged in the same form as provided by statute for the acknowledgment of conveyances of real estate.

The city of Cushing filed its protest before the Corporation Commission against the granting of said revocable permit, alleging that chapter 102 of the Session Laws of 1925 was unconstitutional and void. After a hearing before the Corporation Commission, the protest of the city of Cushing was denied and exceptions allowed the city, and on the 20th day of May, 1929, the Corporation Commission granted the Consolidated Gas Utilities Company a revocable permit, No. 256, in lieu of its municipal franchise. The city of Cushing gave notice of appeal and brings the case here for review. The issue presented by this appeal is the constitutionality of chapter 102 of the Session Laws of the 10th Legislature of Oklahoma, 1925, known as House Bill No. 4.

This court, in the case of City of Okmulgee, a Municipal Corporation, Plaintiff in Error, v. Okmulgee Gas Company, a Corpora-

tion, Defendant in Error, Oklahoma Natural Gas Corporation, a Maryland Corporation, Substituted Defendant in Error, No. 18465, 140 Okla. 88, 282 Pac. 640, held that chapter 102, Session Laws of the 10th Legislature of Oklahoma, 1925, commonly known as House Bill No. 4, being an act relating to the business of furnishing power, light, heat, gas, electricity, or water in cities and towns: authorizing the surrender of municipal franchises in exchange for revocable permits, requiring certificates of convenience and necessity, and providing for determination and issuance thereof, and repealing acts in conflict therewith, by its terms, authorizes any person, firm, association, or corporation now or hereafter engaged in the business of furnishing power, light, heat, gas, electricity, or water as a public utility in any city or town in this state under a municipal franchise now in existence or hereafter granted by such municipality at any time before the expiration of such franchise, but not thereafter, to file with the clerk of the municipal corporation which granted such franchise and with the Corporation Commission of the state of Oklahoma a written declaration and agreement issued in the manner required for the execution of conveyances of real estate, that it surrenders such municipal franchise for the purpose mentioned in said act; and in consideration, the utility surrendering the same shall, by operation of law, receive in lieu of such surrendered franchise a permit from the state revocable only by the Legislature of Oklahoma, whenever in its opinion such permit may be injurious to the citizens of this state, in such manner, however, that no injustice shall be done to the holder of such permit—in effect authorizes the converting of a limited franchise granted by a municipal corporation into a perpetual franchise, and therefore violates section 32 of art. 2 of the Constitution, which declares that perpetuities and monopolies are contrary to the genius of a free government, and shall never be allowed; and further, that said chapter 102 of the Session Laws of 1925 is invalid in that it deprives the qualified electors of a municipality from granting, renewing, or extending a franchise for not exceeding 25 years, such power being reserved in our Constitution by the electors of the municipality to themselves under section 5a of art. 18 of the Constitution, and that chapter 102, Session Laws of 1925, commonly known as House Bill No. 4, burdens and violates section 5b of art. 18 of the Constitution, in that it deprives 25 per centum of the total number of electors voting at the next preceding general municipal elec-

tion from presenting a signed petition to the chief executive officer of a municipality demanding that a franchise be granted, extended, or renewed and filing the same with the chief executive officer of said municipal corporation, and deprives said chief executive officer from calling an election thereon within 10 days after the same is filed for the purpose of submitting the question of whether or not such franchise shall be granted, extended, or renewed, and if, at said election, a majority of the said electors voting thereon shall vote for the granting, extension, or renewal of such franchise, said act deprives and prevents the proper authorities of such municipality at the next succeeding regular meeting of the legislative body of the city from granting, extending, or renewing such franchise, such power being reserved in our Constitution by the people to themselves under section 5b of art. 18 of the Constitution.

We feel that no useful purpose could be served by further discussing the issue involved in this case, for what we said in City of Okmulgee v. Okmulgee Gas Company, supra, applies with equal force to this case.

We also hold that the Corporation Commission of the state of Oklahoma is without jurisdiction to permit the surrender of a municipal franchise granted by a municipal corporation and the receiving in lieu thereof, by the holder of such franchise, of a revocable permit, as, under the Constitution of this state, the municipality granting the franchise and having the right under the Constitution to grant the franchise alone has the authority, by vote of the electors as provided for in the Constitution, of extending or renewing such franchise, and this right reserved in our Constitution by the people to themselves cannot be taken away from them by the Legislature, and any act of the Legislature which attempts to do so violates the letter and spirit of our Constitution, and is therefore void.

We therefore hold that the act of the Corporation Commission permitting the Consolidated Gas Utilities Company, a corporation, to surrender its municipal franchise and receive in lieu thereof a revocable permit from the state of Oklahoma was beyond the power and jurisdiction of the Corporation Commission, and that revocable permit No. 256, issued by the Corporation Commission on May 20, 1929, was issued in violation of the Constitution of the state of Oklahoma, and that the act of the Legislature under which the same was issued is uncon-

stitutional and void, and this cause is, for that reason, reversed and remanded to the Corporation Commission of the state of Oklahoma, with directions to cancel the revocable permit No. 256, issued May 20, 1929, to the Consolidated Gas Utilities Company, a corporation, and to dismiss said proceedings for want of jurisdiction of the Corporation Commission to grant said permit.

MASON, C. J., LESTER, V. C. J., and CLARK, RILEY, HEFNER, CULLISON, and ANDREWS, JJ., concur. HUNT, J., dissents.

Note.—See "Franchises," 26 C. J. § 98, p. 1040, n. 33. "Monopolies," 41 C. J. § 13, p. 87, n. 64.